IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NELSON ADAMS,                                                                                   PLAINTIFF

v.                                                                         Civil Action No.:1:08CV271-SAA

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                               DEFENDANT

**MEMORANDUM OPINION**

      This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Nelson Adams for period of disability (POD), disability insurance benefits (DIB) under §§ 216(I) and 223 of the Social Security Act, and supplemental security income under Title XVI. The court's jurisdiction over plaintiff's claim rests upon 28 U.S.C. § 1331. As both parties have consented to have a magistrate judge conduct all the proceedings in this case in accordance with the provisions of 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

      Plaintiff applied for benefits on June 30, 2003, alleging that he became disabled on November 25, 2002 due to cardiac disorders, including a heart attack and quadruple bypass surgery, fatigue and pain and weakness in his left hand. Tr. 79. The plaintiff's claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge

[ALJ]. After the hearing, the ALJ issued an unfavorable decision on May 27, 2005. Tr. 15 - 21, 777 - 783. Plaintiff properly filed a request for review with the Appeals Council. Tr. 12, 549 - 558. On May 25, 2006, the Appeals Council denied the request for review. Tr. 6 - 8. The plaintiff then filed an appeal with this court. *See* Civil Action No. 1:06cv188-M-B, Docket 1. On November 16, 2006, this court entered an Order of Reversal and Remand granting the Commissioner's motion to remand and instructing that on remand "the ALJ . . . obtain the subsequent allowance file and consider the effect, if any, of Plaintiff's successful July 24, 2006 application" on this claim. Civil Action No. 1:06cv188-M-B, Docket 11.[1] The case was remanded and the favorable decision awarding plaintiff benefits on September 13, 2006, was reopened and consolidated with this case. The Appeals Council issued a Notice and Order of Appeals Council Remanding Case to Administrative Law Judge on January 29, 2007 and the ALJ held a second hearing on November 5, 2007. Tr. 543 - 547, 796 - 875. At that hearing, the plaintiff amended his alleged onset date to November 2003 rather than 2002. Tr. 874. On January 25, 2008, the ALJ issued a "Partially Favorable" decision finding that plaintiff was disabled as of June 1, 2006. Tr. 508 - 523. The plaintiff filed a request for review by the Appeals Council, and by letter dated October 30, 2008, the Appeals Council upheld the ALJ's partially favorable decision. Tr. 475 - 478. The plaintiff properly appealed the decision to this court, and it is now ripe for review.

---

[1]While this case was pending before the District Court on its previous appeal, Civil Action No. 1:06cv188-M-B, the plaintiff filed subsequent applications on July 27, 2006, and he was awarded benefits on his subsequent applications, after a finding that he became disabled under the Act as of May 28, 2005. This subsequent application was approved and benefits awarded just one day after the ALJ's opinion in this case finding plaintiff not disabled. Plaintiff's Brief, Docket 10, p. 2.

## FACTS

The plaintiff was born October 29, 1946. He was 57 years old at the time of his amended onset date and 61 as of the second decision in this case. Tr. 512 - 523. He graduated from high school in 1964, and his past relevant work was as a self-employed farmer, spacer washer in a meat processing plant, a truck driver and a construction laborer. Tr. 84, 90 - 97, 588 - 622.

The ALJ determined that the plaintiff suffered from "severe" impairments including cardiac disorders, a history of renal disorders, history of hepatitis, gouty arthritis, diabetes, hypertension, osteoarthritis of the knees (beginning June 1, 2006), and a mood disorder, but that these impairments did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 521, Finding Nos. 2 and 3. He found that the plaintiff, from the amended alleged onset date through May 2006, retained the Residual Functional Capacity (RFC) to perform medium work limited significantly by his mental impairments. Tr. 522, Finding No. 5. However, the ALJ found that beginning June 2006 the plaintiff's RFC limited him to no more than a reduced range of light work, which would preclude him from returning to his past work. Tr. 522, Finding No. 10. Considering all necessary factors and the evidence in the record, the ALJ determined that the plaintiff's subjective complaints were not entirely credible, but that for the period beginning June 2006 they are "generally credible." Tr. 521 - 522. The ALJ looked at the plaintiff's age, education, work experience and RFC, used the Medical-Vocational Guidelines as a framework, in combination with the testimony of a vocational expert ("VE"), for his decision and determined that the plaintiff was not capable of performing work that exists in significant numbers in the national economy. Tr. 522, Finding No. 13. Consequently, the ALJ held that the plaintiff was not under a disability as defined by the Social Security Act until June

1, 2006. *Id.*

On appeal to this court, the plaintiff contends that the ALJ, and subsequently the Appeals council, erred in failing to find plaintiff was disabled before June 2006 in light of the overwhelming medical evidence and the opinions of the treating and examining physicians and in failing to accord proper weight to the opinion of the long-term disability insurer with regard to the period before June 2006. At a minimum, says plaintiff, the ALJ should have obtained medical expert testimony about plaintiff's disability onset date in light of his numerous impairments and resulting functional limitations. Docket 10, p.1. These issues are fully briefed and the court is ready to rule.

## STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[4] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the

---

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[3] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[5] 20 C.F.R. §§ 404.1520, 416.920 (2003).

4

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1.[6] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[7] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[8] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

---

[6] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

[7] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[8] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[9] *Muse*, 925 F.2d at 789.

DISCUSSION

1.   ALJ's determination of plaintiff's RFC

Plaintiff contends that the ALJ's RFC assessment for the period between November 20, 2003 and June 1, 2006 is contrary to the opinions of Dr. Miller, plaintiff's treating physician, and the overall weight of the evidence in the record.   The crux of plaintiff's argument is that the ALJ relied upon an uninformed and deficient opinion of the consultative examining physician, Dr. Osinloye, rather than affording controlling weight to Dr. Miller because there were "no objective findings to substantiate this assessment."  (Tr. 518).

The ALJ wrote:

> The undersigned has considered Dr. Miller's September 2003 assessment (Exhibit 10F) that the claimant can perform light work for only two to three hours at a time and that he thereafter requires rest for one to two hours at a time.  Dr. Miller cited no objective findings to substantiate this assessment.  The preponderance of the record evidence summarized herein for the period prior to June 2006 fails to support this assessment.  The undersigned accordingly declines to afford controlling weight for the period prior to June 2006 to the assessment of Dr Miller. . . .
> The undersigned has considered the assessment of the State agency medical consultant to the effect that the claimant can perform the full range of medium work.  The State agency consultant lacked the benefit of the hearing testimony and the most recent objective medical evidence.  Her assessment, however, appears consistent with the preponderance of the record evidence viewed as a whole for the period prior to June 2006 to the extent that it finds the claimant not disabled, and the undersigned accordingly affords it some weight for that period.

Tr. 518.  The plaintiff argues that Dr. Osinloye, who examined plaintiff in August 2004, only saw plaintiff for a single examination, did not have any of plaintiff's medical records preceding the examination, and gave a medical source statement as to what the plaintiff "can still do despite his/her impairment(s) from **07/24/04 to 07/24/04**, as determined from clinical data."  (Tr.

6

360)(emphasis added).

The responsibility for determining the plaintiff's residual functional capacity belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In doing so the ALJ must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The evaluation of a plaintiff's subjective symptoms is particularly within the ALJ's discretion as he has had an opportunity to observe the plaintiff. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). The court's role is to determine whether substantial evidence supports the ALJ's determination in this case. *Ripley* 67 F.3d at 557. The court has reviewed the record and the ALJ's decision and finds that his reliance on the State agency consultative examiner's report and opinion as a basis for his determination of plaintiff's RFC for the period from November 20, 2003 through May 31, 2006 was not proper.

First and foremost, Dr. Osinloye's opinion is self-limiting in that it specifically covers only July 24, 2004. Whether or not this date was simply a typographical error, the undersigned cannot imagine that a medical source statement that specifically relates to a period of time in 2004 could be substantial evidence to support an RFC relating to a plaintiff's abilities in 2005 or 2006 considering the volume of medical evidence relative to those years. *See* Tr. 364 - 429, 680 - 743, 752 - 786. Although the defendant argues that "[p]laintiff has offered no evidence that he could not perform the exertional demands of medium work before June 1, 2006, the date the ALJ found him "disabled" is simply without merit. Docket 11, p.7. Finally, 20 C.F.R. §404.1519p and 20 C.F.R. § 416.919p require that if a medical report "is inadequate or incomplete, we will contact the medical source who performed the consultative examination, give an explanation of

our evidentiary need, and ask that the medical source . . . prepare a revised report." Following this procedure may have provided some clarity in this case.

An ALJ may not "pick and choose" only that evidence which supports his decision, but must address and make specific findings regarding the supporting and conflicting evidence, the weight to give that evidence, and reasons for his conclusions regarding the evidence. *Rasche v. Astrue,* 2008 WL 4151346, *14 (N.D.Miss. 2008) (Civil Action No. 1:07 CV 081 A-A), *Armstrong v. Sullivan,* 814 F. Supp 1364, 1373 (W. D. Tex 1993); *Green v. Shalala,* 852 F.Supp. 558 (N.D. Tex. 1994), *See also DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir.1983). Nor may an ALJ establish physical limitations or the lack thereof without medical proof to support such a conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4, (N.D. Miss. 2008), citing *Nguyn v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). That the ALJ reached the conclusion that plaintiff, untill May 31, 2006, was capable of a range of medium work, but the next day was capable of only a reduced range of light work, particularly in light of the volume of medical evidence in this case and the fact that plaintiff was found disabled as of May 28, 2005 in a subsequent application, is an error that cannot be resolved without additional consideration by an ALJ. In light of the fact that this case has been twice before the same ALJ, the court directs that it be reassigned to a different ALJ on remand.

As the undersigned has determined that this matter should be remanded for further consideration regarding the plaintiff's first issue on appeal, the court need not address the merits of the plaintiff's remaining arguments at this time. The court is aware that plaintiff has had an extremely lengthy process in seeking benefits and urges the Commissioner to afford expedient consideration, examinations or any procedure that would speed final resolution of this case.

## CONCLUSION

In accordance with the reasons stated in this memorandum opinion, the undersigned concludes that the decision of the ALJ was not supported by substantial evidence, and this matter should be remanded for further consideration consistent with this opinion. A Final Judgment will issue in accordance with this opinion.

THIS, this, the 2nd day of August, 2010.

       /s/ S. Allan Alexander
       UNITED STATES MAGISTRATE JUDGE